UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RONALD RUIZ,

        NO. CIV. S-09-0780 FCD DAD

      Plaintiff,

   v.                 MEMORANDUM AND ORDER

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
GREENPOINT MORTGAGE FUNDING
INC.; TRIPLE E LENDING, LLC;
GMAC MORTGAGE, LLC; EXECUTIVE
TRUSTEE SERVICES, LLC; DOES I-
X, Inclusive,

      Defendants.

----oo0oo----

    This matter is before the court on defendants Greenpoint
Mortgage Funding, Inc.'s ("Greenpoint") and GMAC Mortgage's
("GMAC") (collectively, "defendants") motions to dismiss pursuant
to Federal Rule of Civil Procedure 12(b)(6),[1] or in the
alternative, motions for a more definite statement pursuant to
Rule 12(e) (Docket #s 7, 10), and GMAC's motion to strike

---

     [1]    Unless otherwise indicated, all future references to a
"Rule" are to the Federal Rules of Civil Procedure.

1  pursuant to Rule 12(f) (Docket # 12).[2]  Plaintiff opposes the

2  motions.[3]

3       For the reasons set forth below, defendants' motions to

4  dismiss pursuant to Rule 12(b)(6) are GRANTED with prejudice;

5  plaintiff is not permitted leave to amend.  Because the court

6  grants defendants' motions to dismiss, it is unnecessary to

7  consider defendants' alternative motions for a more definite

8  statement and to strike.

9                         **BACKGROUND**[4]

10      On or about February 24, 2006, plaintiff financed and

11  obtained a loan through Triple E, a mortgage broker, who obtained

12  concurrent funding through Greenpoint.  The first deed of trust

13  was for $504,000.  (Pl.'s Compl., filed March 19, 2009 [Docket

14  # 2], ¶ 9.)  Plaintiff used the loan proceeds to purchase a

15  _____

16      [2]   Defendants Executive Trustee Services, LLC and Mortgage
    Electronic Registration System, Inc. join GMAC's motion to
17  dismiss, or in the alternative, motion for a more definite
    statement.  (See Joinder of Def. Executive Trustee Services, LLC
18  [Docket # 40]; Joinder of Def. Mortgage Electronic Registration
    System, Inc., [Docket # 42].)  The court notes that defendant
19  Triple E Lending, LLC ("Triple E") is not a moving party on these
    motions; however, it appears the company has not been served;
20  Triple E has not answered the complaint or otherwise made an
    appearance in the case.  As such, the court's dismissal of the
21  case applies to Triple E as well.

22      [3]   Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
23  E.D. Cal. L.R. 78-230(h).

24      [4]   At the outset, the court notes that while the parties
    and the court have gone to great lengths to discern the facts and
25  claims that plaintiff asserts, neither plaintiff's complaint nor
    his opposition papers clearly articulate plaintiff's legal
26  theories.  Indeed, plaintiff's oppositions are, in large part,
    barely intelligible.  At best, plaintiff's oppositions merely
27  quote extensively a variety of cases.  However, plaintiff wholly
    fails to indicate the cases' significance to plaintiff's various
28  causes of action or defendants' arguments.

                               2

parcel of real property known as "9471 McKenna Drive, Elk Grove, California, 95757" (the "Property"). (*Id.* at ¶ 1.) Executive Trustee Services, LLC obtained compensation through points, and when the loan was sold, plaintiff alleges it failed to disclose the range of points on the Truth In Lending Disclosure Statement Form, as mandated by the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* at ¶ 10.)

Plaintiff alleges generally that defendants entered into a fraudulent scheme, for the purpose of making loans to plaintiff that plaintiff could not afford, at a cost "far exceeding" the market rate, and falsely represented to plaintiff that he could not qualify for any other financing. (*Id.* at ¶ 11.) Plaintiff further alleges that this scheme was devised to extract illegal and undisclosed compensation from plaintiff through an undisclosed yield spread premium of which defendants shared in some unknown percentage. (*Id.*)

Plaintiff acknowledges that defendants allege he "defaulted" on his loan, but claims that this was due to the high payments and structure of the loan and interest rate. (*Id.* at ¶ 13.) Plaintiff claims that he did not "default"; rather, because of the alleged prior breach of the terms of the notes by defendants, plaintiff claims his own performance was excused. (*Id.*) Plaintiff also alleges that after his loans were originated and funded, they were sold on multiple occasions, bundled into a group of trust deeds and subsequently sold to investors, so that none of the defendants owned the loan, and therefore, none had the right to declare a default, to cause notices of default to issue or be recorded, or to foreclose on plaintiff's interest in

3

1  the Property.  (<u>Id.</u> at ¶ 14.)

2

3       Plaintiff further alleges that the foreclosure sale of the
4  Property was not executed in accordance with the requirements of
5  California Civil Code sections 1624 and 2932.5 and Commercial
6  Code section 3302 *et seq*.  (<u>Id.</u> at ¶ 17.)  Plaintiff states that
7  although California Civil Code section 1624 requires an agency
8  relationship to be in written form, the trustee here, acting as
9  the agent of the principal, did not have written authorization to
10  act for the principal.  (<u>Id.</u> at ¶ 18.)  Plaintiff contends that
11  California Civil Code section 2924 *et seq*. are being unlawfully
12  applied against plaintiff because the party acting as the trustee
13  proceeded with the foreclosure of the Property without possession
14  of the original Note.  (<u>Id.</u> at ¶ 20.)  Because of this alleged
15  violation of Section 2924, plaintiff contends that the
16  foreclosure of the Property is void as a matter of law.  (<u>Id.</u> at
17  ¶ 22.)

18       Plaintiff's first cause of action against all defendants is
19  for a judicial determination of defendants' rights, obligations
20  and duties, and a declaration of the current owner of the
21  Property.  (<u>Id.</u> at ¶ 28.)  Plaintiff claims that a controversy
22  exists concerning plaintiff and defendants' rights, obligations
23  and duties as they relate to the Property, specifically because
24  plaintiff contends that defendants were not holders in due course
25  of the Note and Deed of Trust executed by plaintiff, that
26  defendants had no right to foreclose on plaintiff's Deed of Trust
27  and Note, that their application of Civil Code section 2924 is
28  unlawful, and that defendants utilized an electronic recording

4

system, the Mortgage Electronic Registration System, to further
their alleged scheme to defraud plaintiff.  (<u>Id.</u> at ¶ 27.)

Plaintiff's second cause of action is for fraud against
defendants Triple E and Greenpoint.  (<u>Id.</u> at ¶ 30.)  Plaintiff
alleges that on or about February 24, 2006, defendants were
engaged in an illegal scheme to execute loans secured by real
property in order to make commissions, kickbacks, illegal
undisclosed yield spread premiums, and undisclosed profits.
(<u>Id.</u>)  Plaintiff claims that defendants represented to plaintiff
and others that they were the owners of the Deed of Trust and
Note for plaintiff's Property, caused a Notice of Default to be
issued and recorded, and subsequently executed a foreclosure that
permanently affected plaintiff's right, title and interest in the
Property.  (<u>Id.</u>)

Plaintiff alleges the promissory notes were assigned in
violation of Civil Code section 2932.5 *et seq.*, as the assignment
was not recorded, and thus, the promissory note was rendered non-
negotiable and no power of sale was conveyed with the note at the
time of assignment.  (<u>Id.</u>)  Plaintiff alleges that defendants
falsely told plaintiff they were experts in obtaining affordable
loans and would only offer plaintiff loans in his best interest,
given his credit history, financial needs and limitations.  (<u>Id.</u>
at ¶ 31.)  Plaintiff further alleges: (1) the loans provided by
defendants contained excessive financing; (2) defendants failed
to utilize due diligence regarding plaintiff's ability to repay
the loan; (3) defendants intentionally gave plaintiff a "sub-
prime loan" in order to benefit themselves with high interest
rates; (4) defendants failed to provide federally mandated

1 disclosures; and (5) defendants employed coercive tactics to

2 force plaintiff to sign the loan documents.  (<u>Id.</u> at ¶ 32.)

3     Plaintiff further asserts that defendants were secretly

4 compensated for the loan in violation of RESPA, 12 U.S.C. section

5 2607, which requires that fees be paid in accordance with the

6 value of the work performed.  (<u>Id.</u> at ¶ 36.)  Plaintiff claims

7 that defendant Greenpoint paid the other defendants fees

8 exceeding the value of the services performed, constituting an

9 illegal kickback.  (<u>Id.</u> at ¶ 37.)  Plaintiff also claims that

10 Executive Trustee Services, LLC had an undisclosed agency

11 relationship with Greenpoint, which was contrary to plaintiff's

12 interests.  (<u>Id.</u> at ¶ 39.)  Plaintiff alleges that (unnamed)

13 defendants paid other (unnamed) defendants a yield spread premium

14 to make the loan more favorable to defendants by providing

15 plaintiff with higher interest rates, for the overall purpose of

16 increasing the value of the loan for Greenpoint and subsequent

17 purchasers.  (<u>Id.</u>)  Plaintiff further alleges that at the time

18 the Note and Deed of Trust were assigned to Greenpoint, the Note

19 was no longer negotiable, and thus, the power of sale was not

20 conveyed through the assignment.  (<u>Id.</u> at ¶ 48.)  Plaintiff

21 contends that defendants were not the legal owners of the Note

22 and Deed of Trust when they issued notices of foreclosure and

23 commenced the foreclosure process, and that defendants

24 intentionally and fraudulently converted plaintiff's right, title

25 and interest in his property.  (<u>Id.</u> at ¶ 49.)

26     Plaintiff contends that due to his reliance on defendants'

27 representations, he was damaged in an amount exceeding

28 $1,000,000, with additional costs relating to his relocation.

6

(<u>Id.</u> at ¶ 52.)  Plaintiff also claims that he suffered severe
emotional distress, mortification, anxiety and humiliation in an
amount that has not yet been ascertained, but which exceeds the
jurisdictional limitations of this court.  (<u>Id.</u> at ¶ 53.)
Plaintiff also contends that defendants' conduct was intentional,
oppressive, fraudulent, and malicious, thereby justifying an
award of punitive damages.  (<u>Id.</u> at ¶ 54.)

Plaintiff's third cause of action is for violation of RESPA,
12 U.S.C. section 2607(b), by Greenpoint.  (<u>Id.</u> at ¶ 64.)
Plaintiff claims that Greenpoint paid Triple E compensation
outside of escrow to place plaintiff in a less desirable loan,
and also paid Triple E an undisclosed point spread outside of
escrow.  (<u>Id.</u> at ¶ 60.)  Plaintiff also claims that defendants
"structured" an undisclosed, unknown percentage of the loan for
servicing the loan and failed to disclose this information on the
HUD1 statement. (<u>Id.</u>)  Plaintiff alleges that these fees and
kickbacks were illegal under Section 2607(b), and that plaintiff
is accordingly entitled to treble damages in a sum subject to
proof at trial.  (<u>Id.</u> at ¶ 64.)  Plaintiff also claims that GMAC
purchased the note from Greenpoint and paid defendants' fees
after closing based on the interest rate of the loan, without
disclosing the fees nor the effect on the loan, and seeks damages
accordingly.  (<u>Id.</u> at ¶ 65.)

Plaintiff's fourth cause of action is against defendants
Executive Trustee Services, LLC, Greenpoint and GMAC and asks the
court to set aside the foreclosure.  (<u>Id.</u> at ¶ 69.)  Plaintiff
claims that defendants created a "special relationship" with him
in which defendants voluntarily assumed a "special duty" to

plaintiff not to offer, expose or execute a loan which was not within plaintiff's financial needs and limitations.  (<u>Id.</u> at ¶ 70.)  Plaintiff alleges that defendants breached this "special duty" through the following: (1) by offering plaintiff a loan he could not afford; (2) by executing a loan which defendants knew plaintiff could not afford; (3) by failing to disclose the true cost of originating the loan; (4) by negligently failing to comply with the disclosure requirements of the Truth In Lending Act; (5) by negligently failing to comply with RESPA by charging and failing to disclose an excessive yield spread premium; (6) by negligently executing a foreclosure based upon a void promissory note; (7) by negligently executing a foreclosure without possession of the original promissory note; and (8) by negligently making the loan in an unsafe and unsound manner that increased plaintiff's risk of defaulting on the loan.  (<u>Id.</u> at ¶ 71.)  Plaintiff thus alleges that he actually and proximately suffered damages in an amount which has not yet been fully ascertained, but which exceeds the jurisdictional limitations of the court.  (<u>Id.</u> at ¶ 74.)

<strong>STANDARD</strong>

On a motion to dismiss, the allegations of the complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>

8

1    Nevertheless, it is inappropriate to assume that the
2  plaintiff "can prove facts which it has not alleged or that the
3  defendants have violated the . . . laws in ways that have not
4  been alleged." Associated Gen. Contractors of Calif., Inc. v.
5  Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).
6  Moreover, the court "need not assume the truth of legal
7  conclusions cast in the form of factual allegations." United
8  States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
9  Cir. 1986).   Indeed, "[t]hreadbare recitals of the elements of a
10 cause of action, supported by mere conclusory statements, do not
11 suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing
12 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

13    In ruling upon a motion to dismiss, the court may consider
14 only the complaint, any exhibits thereto, and matters which may
15 be judicially noticed pursuant to Federal Rule of Evidence 201.
16 See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th
17 Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
18 States, Inc., 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998).

19    Ultimately, the court may not dismiss a complaint in which
20 the plaintiff alleged enough facts to "state a claim to relief
21 that is plausible on its face." Iqbal, 129 S. Ct. at 1949
22 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
23 (2007)).   Only where a plaintiff has failed to "nudge [his or
24 her] claims across the line from conceivable to plausible," is
25 the complaint properly dismissed.   Id. at 1952.   When there are
26 well-pleaded factual allegations, "a court should assume their
27 veracity and then determine whether they plausibly give rise to
28 an entitlement to relief." Id. at 1950.

1                                    **ANALYSIS**

2    **A.   <u>Declaratory Relief</u>**

3          Plaintiff's first cause of action alleges that an "actual

4    controversy" exists between himself and defendants as to their

5    respective rights, obligations and duties with regard to the

6    foreclosure, including the ownership rights in the Property and

7    the validity of the foreclosure proceedings.

8          Defendants GMAC and Greenpoint each move to dismiss this

9    claim.  GMAC contends the claim must be dismissed for failure to

10   state a claim, specifically because: (1) plaintiff fails to

11   properly allege any instrument pursuant to which plaintiff seeks

12   to have his rights or duties declared; (2) plaintiff fails to

13   allege any agreement between plaintiff and GMAC; (3) plaintiff

14   fails to allege that GMAC has any relation to the Note and Deed

15   of Trust; and (4) the Note and Deed of Trust are no longer

16   operative due to the alleged trustee's sale that occurred on the

17   Property.

18         Similarly, Greenpoint contends that plaintiff's declaratory

19   relief claim fails for the following reasons: (1) there is no

20   actual controversy between the parties; (2) possession of the

21   original promissory note is not a prerequisite to nonjudicial

22   foreclosure; and (3) recording an assignment of the promissory

23   note is not a prerequisite to nonjudicial foreclosure.

24         An action for declaratory relief requires the plaintiff to

25   demonstrate the existence of an actual controversy regarding the

26   legal rights of the parties.  <u>McClain v. Octagon Plaza, LLC</u>, 159

27   Cal. App. 4th 784, 800 (2008).  Where there is an accrued cause

28   of action for a past breach of contract or other wrong,

                                        10

declaratory relief is inappropriate.  See Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan, 150 Cal. App. 4th 1487, 1497 (2007) (stating "declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs").  The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.  County of San Diego v. State, 164 Cal. App. 4th 580, 607-08 (2008); see also Societe de Conditionnement v. Hunter Eng. Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981) (stating a declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future").  If a party has a "fully matured cause of action for money," the party must seek damages rather than declaratory relief.  Canova, 150 Cal. App. 4th at 1497.

    In Edejer v. DHI Mortgage Co., the court held that the plaintiff's declaratory relief claim, relating to a foreclosure of her real property, failed because she sought to redress past wrongs rather than a declaration as to future rights.  Edejer v. DHI Mortgage Co., No. C 09-1302 PJH, 2009 U.S. Dist. LEXIS 52900, *31 (N.D. Cal. June 12, 2009); see also Metcalf v. Drexel Lending Group, No. 08-CV-00731 W POR, 2008 U.S. Dist. LEXIS 87420, *15-16 (S.D. Cal. Oct. 29, 2008) (holding that because the foreclosure had already taken place, the claimed invasion of rights had already occurred, and accordingly the proper avenue for the plaintiff to seek redress was through a claim for money damages, not declaratory relief).  In Edejer, the plaintiff alleged that a dispute existed between herself and the defendants as to their

11

respective duties and obligations with regard to the loan
foreclosure, including the ownership rights in the property and
validity of the foreclosure proceedings.  <u>Edejer</u>, 2009 U.S. Dist.
LEXIS 52900, at *31.  In dismissing the claim, the court held
that the foreclosure sale had already taken place, and therefore
the claimed invasion of rights had already occurred.  <u>Id.</u> at *32.
The court further held that "[t]o the extent this cause of action
can be construed to seek to challenge the validity of the
foreclosure sale on the basis that the loan documents or Deed of
Trust are void or voidable, 'it is settled that an action to set
aside a trustee's sale for irregularities in sale notice or
procedure should be accompanied by an offer to pay the full
amount of the debt for which the property was security.'"  <u>Id.</u>
(citing <u>Arnolds Mgmt. Corp. v. Eischen</u> 158 Cal. App. 3d 575, 578
(1984)).  Thus, because the foreclosure sale had already taken
place, and because the plaintiff did not allege that she was
prepared to tender the loan proceeds, the court dismissed her
claim for declaratory relief.  <u>Id.</u> at *33.

    Similarly here, plaintiff alleges that an "actual
controversy" exists between plaintiff and defendants concerning
their respective rights, obligations and duties as to the
Property, and asks the court to make a judicial determination of
the parties' respective rights, including the ownership rights in
the Property and validity of the foreclosure proceedings.  (<u>See</u>
Compl. at ¶¶ 25-28.)  Plaintiff alleges that the trustee "could
not have lawfully proceeded with the foreclosure sale," and
accordingly seeks a declaration as to "who owns plaintiff's
subject property."  <u>Id.</u>  Plaintiff attempts to clarify the

alleged controversy in his opposition, arguing this claim seeks
to determine "who has the superior right to possession of the
subject property." (<u>See</u> Pl.'s Resp. to Def. Greenpoint's Motion
to Dismiss at 6.)  This query, however, does not change the
nature of the alleged controversy.  Furthermore, nowhere in the
complaint does plaintiff allege he is prepared to tender the loan
proceeds, which is "essential to an action to cancel a voidable
sale under a deed of trust."  <u>See</u> <u>Karlsen v. American Sav. & Loan</u>
<u>Assn.</u>, 15 Cal. App. 3d 112, 117 (1971).  Because plaintiff seeks
to redress past wrongs--the foreclosure sale having already taken
place--and fails to allege he is prepared to tender the loan
proceeds, plaintiff's first cause of action must be dismissed for
failure to state a claim upon which relief can be granted.

        For the foregoing reasons, defendants' motions to dismiss
plaintiff's claim for declaratory relief are GRANTED.

**B.   <u>Fraud</u>**

        Greenpoint moves to dismiss plaintiff's cause of action for
fraud for failure to satisfy Rule 9(b)'s heightened pleading
requirements.  Plaintiff's second cause of action alleges the
following: (1) on or about February 24, 2006, defendants
intentionally and fraudulently made false representations to
plaintiff and others that they were the owners of the Note and
Deed of Trust as either the trustee or beneficiary for
plaintiff's real property; (2) based on this representation,
defendants caused a Notice of Default to be issued and recorded;
(3) thereafter, defendants executed a foreclosure, which
permanently affected plaintiff's right, title and interest in the
Property; (4) the promissory note forming the basis of a security

13

interest in the Property was assigned in violation of Civil Code
section 2932.5 *et seq.* because the assignment was not recorded;
(5) accordingly, the promissory note was rendered non-negotiable
and no power of sale was conveyed at the time of assignment; (6)
as a result thereof, defendants had no lawful security interest
in the Property; (7) defendants were secretly compensated for the
loan; (8) in violation of RESPA, the value of the work performed
was less than the cost of the yield spread premium or other
undisclosed compensation; (9) plaintiff suffered damages in an
amount exceeding $1,000,000, including severe emotional distress;
and (10) defendants' conduct was intentional, oppressive,
fraudulent and malicious, thereby justifying an award of punitive
damages.

    Under California law, the elements of common law fraud are
"misrepresentation, knowledge of its falsity, intent to defraud,
justifiable reliance, and resulting damages." Gil v. Bank of
Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006). A court
may dismiss a claim grounded in fraud when its allegations fail
to satisfy Rule 9(b)'s heightened pleading requirements. Vess v.
Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). This
means that plaintiff "must state with particularity the
circumstances constituting fraud." Fed. R. Civ. P. 9(b). In
other words, the plaintiff must include "the who, what, when,
where, and how" of the fraud. Id. at 1106 (citations omitted).
"The plaintiff must set forth what is false or misleading about a
statement, and why it is false." Decker v. Glenfed, Inc., 42
F.3d 1541, 1548 (9th Cir. 1994). Furthermore, "Rule 9(b) does
not allow a complaint to merely lump multiple defendants together

14

but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007). The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

In Edejer, the court found that the plaintiff's fraud claim failed because it did not satisfy the heightened pleading requirements of Rule 9(b). Edejer, 2009 U.S. Dist. LEXIS 52900 at *36; see also Spencer v. DHI Mortg. Co., No. CV F 09-0925 LJO DLB, 2009 U.S. Dist. LEXIS 55191, *17-18 (E.D. Cal. June 30, 2009) (dismissing the plaintiff's fraud claim without leave to amend because it failed to satisfy Rule 9(b)'s "'who, what, when, where and how' requirements" and was so deficient as to "suggest no potential improvement from an attempt to amend"). In so holding, the court in Edejer noted that the plaintiff did not allege any misrepresentation or false statements made by the defendants; did not allege the names of the persons who made the allegedly fraudulent representations and their authority to speak; and did not allege with sufficient particularity or clarity what was false or misleading about the statements. Id.

15

1 | As such, the court found that the plaintiff's allegations were
2 | insufficient to satisfy the purpose of Rule 9(b), which is to
3 | ensure that defendants accused of the conduct specified have
4 | adequate notice of what they are alleged to have done, so that
5 | they may defend against the accusations.  Id. at *37.

6 | In this case, plaintiff likewise fails to satisfy the
7 | heightened pleading requirements of Rule 9(b).  Plaintiff fails
8 | to allege the names of the persons from defendants Triple E or
9 | Greenpoint who made the allegedly fraudulent representations and
10 | their authority to speak on behalf of the respective defendants.
11 | Indeed, plaintiff utterly fails to differentiate between
12 | defendants, which is essential to give each defendant adequate
13 | notice of the allegations surrounding their alleged participation
14 | in the fraud.  Nor does plaintiff allege with any particularity,
15 | much less clarity, what is false or misleading about the claimed
16 | statements.  Accordingly, plaintiff's second cause of action must
17 | be dismissed for failure to state a claim upon which relief may
18 | be granted.  See Edejer, 2009 U.S. Dist. LEXIS 52900, at *36;
19 | Spencer, 2009 U.S. Dist. LEXIS 55191, at *17-18.

20 | For the foregoing reasons, defendant's motion to dismiss
21 | plaintiff's second cause of action is GRANTED.

22 | **C.   Violation of RESPA**

23 | Plaintiff's third cause of action alleges a statutory
24 | violation of RESPA.  Specifically, plaintiff alleges that
25 | Greenpoint violated 12 U.S.C. section 2607(b) by receiving

16

1    illegal kickbacks and failing to disclose them.[5]

2        Greenpoint and GMAC move to dismiss this cause of action as

3    time barred by the one year statute of limitations for Section

4    2607 claims.

5        RESPA provides a one year statute of limitations for Section

6    2607 claims.  12 U.S.C. § 2614; <u>see also</u> <u>Valasquez v. Mortgage</u>

7    <u>Elec. Registration Sys.</u>, No. C 08-3818 PJH, 2008 U.S. Dist. LEXIS

8    93502, *8 (N.D. Cal. Nov. 17, 2008).  Here, plaintiff alleges he

9    obtained the subject loan on February 24, 2006.  (Compl. at 6.)

10   Plaintiff did not file his complaint until December 15, 2008,

11   more than one year after the consummation of the loan.  (<u>See</u>

12   Notice of Removal filed by Def. Greenpoint at 1 [Docket # 2].)

13   Accordingly, plaintiff's RESPA claim is time barred.

14       For the foregoing reasons, defendants' motions to dismiss

15   plaintiff's RESPA claim as time barred are GRANTED.

16   D.  <u>**Cause of Action to Set Aside Foreclosure**</u>

17       Plaintiff alleges that defendants Executive Trustee

18   Services, LLC, Greenpoint and GMAC breached their "special duty

19   to plaintiff not to offer, expose or execute a loan which was not

20   within plaintiff's financial needs and limitations," and

21   accordingly moves to set aside the foreclosure.

22       Greenpoint moves to dismiss this claim because (1) plaintiff

23   has not satisfied the pre-foreclosure tender requirement, (2) to

24   the extent plaintiff raises a fraud claim with respect to this

25

26       [5]    Though plaintiff does not list GMAC as one of the
     relevant defendants for his RESPA claim, he nevertheless mentions
27   GMAC in this section of the complaint.  GMAC accordingly moved to
     dismiss plaintiff's claim, to the extent plaintiff intended to
28   assert the claim against it.

                                   17

claim, plaintiff fails to satisfy the strict pleading
requirements of Rule 9(b), and (3) to the extent plaintiff
intends to state a claim for breach of fiduciary duty, defendant
Greenpoint does not owe a fiduciary duty to plaintiff.  GMAC also
moves to dismiss this claim on the ground that plaintiff fails to
allege sufficient facts to state such a claim against GMAC.

As an initial matter, the court notes that plaintiff's claim
to set aside the foreclosure does not satisfy the minimal notice
pleading requirements of Rule 8.  <u>See</u> Fed. R. Civ. P. 8.  Even
construing the complaint liberally, plaintiff has failed to
allege any authority giving rise to any duty that defendants owed
to plaintiff.  Such pleading does not give defendants fair notice
of the claim against them and the grounds upon which the claims
rest.  Vague allegations and mere labels and conclusions are
insufficient to withstand a motion to dismiss.  <u>See</u> <u>Twombly</u>, 127
S.Ct. at 1964-65.

However, to the extent that this claim can be construed as
attempting to plead a breach of fiduciary duty, plaintiff's claim
must also fail.  "[T]o plead a cause of action for breach of
fiduciary duty, there must be shown the existence of a fiduciary
relationship, its breach, and damage proximately caused by that
breach.  The absence of any one of these elements is fatal to the
cause of action."  <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101
(1991).  "The relationship between a lending institution and its
borrower-client is not fiduciary in nature."  <u>Nymark v. Heart</u>
<u>Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1093 (1991)
(citing <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476-78
(1989)).  "A commercial lender is entitled to pursue its own

18

economic interests in a loan transaction." <u>Spencer v. DHI</u>
<u>Mortgage Co.</u>, No. CV F 09-0925 LJO DLB, 2009 U.S. Dist. LEXIS
55191, *12 (E.D. Cal. June 30, 2009) (citing <u>Nymark</u>, 231 Cal.
App. 3d at 1093).  "Absent 'special circumstances' a loan
transaction is 'at arms-length and there is no fiduciary
relationship between the borrower and lender.'"  <u>Id.</u>  In the
absence of alleged special circumstances and a legal duty owed by
defendants, the breach of fiduciary duty claim must fail.
Plaintiff has not alleged any facts suggesting the existence of
special circumstances such that a fiduciary relationship between
himself and defendants was created.

Accordingly, defendants' motions to dismiss plaintiff's
fourth cause of action to set aside the foreclosure are GRANTED.

**E.**  **<u>Leave to Amend</u>**

Plaintiff asks that should the court grant defendants'
motions to dismiss, the court give plaintiff the opportunity to
amend his complaint.  "Valid reasons for denying leave to amend
include undue delay, bad faith, prejudice, and futility." <u>Cal.</u>
<u>Architectural Building Prods. v. Franciscan Ceramics</u>, 818 F.2d
1466, 1472 (9th Cir. 1988).  While leave to amend must be freely
given, the court is not required to allow futile amendments.
<u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d
1276, 1293 (9th Cir. 1983); <u>see also</u> <u>Reddy v. Litton Indus.,</u>
<u>Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990); <u>Rutman Wine Co. v. E.</u>
<u>& J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987).

For the following reasons, plaintiff's first, third, and
fourth causes of action are dismissed with prejudice.
Plaintiff's first cause of action for declaratory relief is

19

dismissed without leave to amend because where there is an
accrued cause of action for a past wrong, declaratory relief is
inappropriate as a matter of law.  <u>See</u> <u>Canova</u>, 150 Cal. App. 4th
at 1797.  Plaintiff's third cause of action for a statutory
violation of RESPA is dismissed without leave to amend because it
is time barred by the one year statute of limitations for Section
2607 claims.  12 U.S.C. § 2614.  Plaintiff's fourth cause of
action, insofar as it alleges a breach of a fiduciary duty, is
dismissed without leave to amend because there is no fiduciary
relationship between a lending institution and a borrower as a
matter of law.  <u>See</u> <u>Nymark</u>, 231 Cal. App. 3d at 1093.

Plaintiff's second cause of action for fraud is dismissed
without leave to amend because the claims' deficiencies are so
severe as to suggest no potential improvement from an attempt to
amend.  <u>See</u> <u>Spencer</u>, 2009 U.S. Dist. LEXIS 55191, at *17-18; <u>see</u>
<u>also</u> <u>Aspenlind v. America's Servicing Co.</u>, No. CIV S-07-0768 GEB
EFB PS, 2008 U.S. Dist. LEXIS 11530, *12-13 (E.D. Cal. Feb. 15,
2008) (dismissing plaintiff's fraud claim without leave to amend
because in light of the complaint and opposition papers, which
were "vague, confusing, and largely unintelligible," amendment
would be futile).  Indeed, while a fraud claim must allege the
"who, what, when, where and how" of the alleged fraud under Rule
9(b), plaintiff's complaint completely fails to target particular
defendants or plead specific facts relating to defendants'
alleged fraudulent conduct.  Instead, plaintiff broadly alleges
that defendants "fraudulently" portrayed themselves to plaintiff
and concealed facts relevant to the Property, but fails to state
any factual basis for how he knew defendants "intentionally and

1  fraudulently converted" plaintiff's interests in the Property.

2  Further, though plaintiff alleges defendants were not the owners

3  of the Trust Deed and Note, plaintiff fails to allege how any of

4  the defendants were not the actual owners.  In short, the

5  allegations are so vague and confusing that it is impossible to

6  discern the basic facts surrounding the purported fraud.

7  Moreover, plaintiff has also failed to clarify his allegations in

8  his opposition papers, which as indicated above are largely

9  inapposite and are barely intelligible.  In light of plaintiff's

10 conclusory allegations and failure to allege the requisite

11 elements of fraud, plaintiff's claim must be dismissed with

12 prejudice.

13      Therefore, all of plaintiff's claims are dismissed without

14 leave to amend.

### CONCLUSION

16      For the foregoing reasons, defendants' motions to dismiss

17 pursuant to Rule 12(b)(6) are GRANTED.  Plaintiff is denied leave

18 to amend.  The Clerk of the Court is directed to close this file.

19      IT IS SO ORDERED.

20 DATED: August 3, 2009.

23      _____
        FRANK C. DAMRELL, JR.
        UNITED STATES DISTRICT JUDGE